# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **Wally Boone,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21cv528 (AJT/JFA) |
| | ) | |
| **Harold Clarke,** *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

In this civil-rights suit, *see* 42 U.S.C. § 1983, Wally Boone, an inmate at Greensville Correctional Center (GCC), claims that Larry Edmonds, GCC's Lead Warden, and C. Putney, the Assistant Warden (collectively, "defendants"), subjected him to unconstitutional conditions of confinement. Defendants move to dismiss the claims against them.[1] *See* Fed. R. Civ. P. 12(b)(6); [Dkt. No. 20]. Boone has received the notice required by Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), [Dkt. No. 22], and he opposes defendants' motion, [Dkt. No. 24]. Because Boone has not alleged sufficient facts to impose liability on Edmonds and Putney in their supervisory capacities, the Court will grant the motion to dismiss.

### I. The Amended Complaint

The Court accepts as true the following facts alleged in the amended complaint, as supplemented by attached prison grievance records. *See Tabb v. Bd. of Ed. of Durham Pub. Schs.*, 29 F.4th 148, 155 (4th Cir. 2022); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citing Fed. R. Civ. P. 10(c)). On July 13, 2020, Boone was working in GCC's medical department. [Dkt. No. 11, Amended Compl. ¶ 11]. As he was emptying a trashcan, he

---

[1] Boone also brings claims against three GCC nurses, but those claims are not at issue in this motion to dismiss.

was stabbed by a used needle, causing "a stream of blood . . . to leak through the glove" he was wearing. [*Id.* ¶¶ 14–16]. Boone then observed "several used needles" that had been improperly disposed in the regular trash as opposed to a biohazard box. [*Id.* ¶¶ 16, 21].

Boone filed a grievance to report this incident. [Dkt. No. 11, Attachment]. Assistant Warden Putney conducted the Level I response on August 21, 2020. [*Id.*]. She determined that the grievance was unfounded because Boone had received medical treatment and testing on the day he was stabbed by the needle and, "therefore the matter was resolved at that time." [*Id.*]. Putney further told Boone that "staff have been advised to ensure that needles are placed in appropriate sharps containers." [*Id.*]. Boone appealed this decision. [*Id.*]. In the Level II response dated October 26, 2020, the Health Services Director for the Virginia Department of Corrections (VDOC) overturned Putney's Level I response. [*Id.*]. The Health Services Director concluded that Boone's grievance was founded because, according to Boone's informal complaint, "there [was] no DCC [sic] Medical response on [Boone's] form to affirm a resolution of [his] exposure incident was applied." [*Id.*]. The Health Services Director additionally noted that "[m]edical will be advised to ensure procedures are followed in accordance with policy." [*Id.*].

Despite the assurances made by Putney and the VDOC Medical Services Director, on January 15, 2021, another needle was thrown in a regular trashcan instead of a biohazard box. [Dkt. No. 11, Amended Compl. ¶ 21].

Based on these allegations Boone claims that Warden Edmonds and Assistant Warden Putney subjected him to conditions of confinement that violate the protection against cruel and unusual punishment afforded in the Eighth Amendment. In particular, Boone claims that the two failed to correct unsafe practices used in the medical department that exposed him to serious risk of harm. According to Boone, they are responsible for the medical department's misdeeds

2

because Edmonds, as the Lead Warden, "is in charge of the supervision . . . of all correctional staff and employees," and Putney, the Assistant Warden, "is in charge of the daily operation in S3 cluster." [*Id.* ¶¶ 6, 7].

## II. Standard of Review

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 20]. A plaintiff can survive a motion to dismiss if the complaint alleges sufficient facts "to state a claim to relief that is plausible on its face." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When a complaint is filed by a litigant proceeding *pro se*, like Boone is here, the allegations must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Analysis

Defendants argue that the complaint fails to allege sufficient facts to hold them accountable in their supervisory capacities. They first contend that the complaint does not allege that either defendant had knowledge about unsafe needle-disposal practices before Boone was stabbed on July 13, 2020. They further contend that the complaint does not allege that Warden Edmonds was made aware of the issue afterwards. Second, they argue that even assuming that both defendants were aware that on two occasions needles had been improperly discarded, this does not establish widespread and pervasive conduct necessary to hold them accountable as supervisors under § 1983.

To state a § 1983 claim under a theory of supervisory liability, the complaint must allege facts showing that each defendant (1) "had actual or constructive knowledge that [their] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of

3

constitutional injury"; (2) their "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an affirmative causal link between [their] inaction and the particular constitutional injury suffered by the plaintiff." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks and citation omitted).

Concerning the knowledge element, the Court disagrees with defendants' argument that the complaint does not allege adequate knowledge on the part of Warden Edmonds. At this stage the Court draws all reasonable inferences in Boone's favor. *See Mason v. Mach. Zone, Inc.*, 851 F.3d 315, 319 (4th Cir. 2017). The Court may reasonably infer here that Edmonds, as GCC's Lead Warden, would have been notified, or should have known, when the VDOC's Health Services Director determined that medical-safety procedures have not been followed at the prison he manages.

That said, the Court agrees with defendants' argument that the complaint does not allege facts showing that their subordinates were engaged in conduct posing a pervasive and unreasonable risk of constitutional injury. This element cannot be satisfied "by pointing to a single incident or isolated incidents." *Timpson* ex. rel. *Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 258 (4th Cir. 2022) (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)). Instead, Boone must identify unconstitutional conduct that "is widespread, or at least has been used on several different occasions." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Here, the two incidents of improper needle disposal—which occurred six months apart—amount to isolated incidents that are insufficient to hold Warden Edmonds and Assistant Warden Putney liable under § 1983. *See Wiggins v. Quesenberry*, 222 F. Supp. 3d 490, 502 (E.D. Va. 2016) (dismissing supervisory liability claim because plaintiff failed to allege facts showing

4

past incidents of wrongful behavior by defendant's subordinate or that defendant knew about subordinate's "tendency towards misconduct"); *Schultz v. Braga*, 290 F. Supp. 2d 637, 653 (D. Md. 2003) (concluding that supervisor's knowledge of one previous unconstitutional incident is insufficient to establish supervisory liability); *Addison v. Brinkman*, No. 3:10-cv-182, 2011 WL 587005, at *12 (E.D. Va. Feb. 8, 2011) (opining that actions of subordinate who twice conducted improper undercover operations "are far more akin to isolated incidents than they are to widespread misconduct") (internal quotation marks and citations omitted); *see also Woodson v. City of Richmond*, 88 F. Supp. 3d 551, 569 (E.D. Va. 2015) (concluding, for purposes of whether official policy or custom amounts to deliberate indifference, that sheriff's "failure to investigate two instances of heat related deaths cannot be considered to be persistent and widespread").

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss [Dkt. No. 20] be and is GRANTED.

The Clerk is directed to send a copy of this Order to plaintiff and to counsel of record for defendants.[2]

August 17, 2022
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

---

[2] Because Boone's claims against the defendant-nurses have not yet been adjudicated, this is not a final, appealable Order.