IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Wally Boone,              ) | |
|               ) | |
|      *Plaintiff,*     ) | |
|               ) | |
| v.                ) | Civil No. 1:21-cv-528 (AJT/JFA) |
|               ) | |
| Harold Clarke, *et al.*,   ) | |
|               ) | |
|      *Defendants.*   ) | |
|               ) | |

## <u>MEMORANDUM OPINION</u>

It appearing that the amended complaint fails to state claims against any of the remaining three defendants, the amended complaint is dismissed against the three remaining defendants pursuant to 28 U.S.C. § 1915(e).[1]

## I. Background

After filing his complaint, and before being granted leave to proceed *in forma pauperis*, Plaintiff sought and was granted leave to file an amended complaint, [Doc. Nos. 7, 8], which he did on December 17, 2021. [Doc. No. 11]. The amended complaint alleged defendants Harold Clarke, David Robinson, Larry Edmonds, Armor Medical Services, C. Putney, Ms. Alexander, and Unnamed Nurses violated his constitutional rights on July 13, 2020 because he was subjected to conditions of confinement that violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, he was allegedly stuck by a needle that had been improperly disposed of in a trash can, which he emptied as part of his prison job. *Id.* at 12-13.

---

[1] Section 1915(e) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, *the court shall dismiss the case at any time if the court determines that*— . . . the action or appeal . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

On December 27, 2021, the Court screened the amended complaint, *see* 28 U.S.C. § 1915A, and dismissed defendants Armor Medical Services, Robinson, and Clarke. [Doc. No. 12] at 2-3. The Court allowed the matter to proceed against Putney, Edmonds, and Alexander, and also ordered defendants' counsel to assist in identifying the unnamed nurses. *Id.* at 4-5. On April 18, 2022, Defendants Edmonds and Putney provided the names of the nurses who provided Plaintiff with medical attention on July 13, 2020: R. Bonner, S. Thornhill, and B. Alexander. [Doc. No. 25] at 2.

Defendants Edmonds and Putney filed a Motion to Dismiss, [Doc. Nos. 20, 21], and after being advised of his rights under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Plaintiff filed a response. [Doc. No. 24]. On August 17, 2022, the Court issued a Memorandum Opinion and Order granting the Motion to Dismiss. [Doc. No. 31].

Defendants Alexander and Bonner were served in October 2022, [Doc. Nos. 38, 39], and a summons was left with a family member of Thornhill in March 2023. [Doc. No. 44]. Since being served, the three remaining defendants have neither appeared nor responded to the Court's order to file a responsive pleading.[2]  Nevertheless, although the amended complaint was previously screened,[3] after reviewing the allegations in the amended complaint, in the context of the three

---

[2] Although at this point, a default may be entered against these non-responding defendants, before doing so, the Court must be satisfied that the plaintiff's allegations state a cause of action. *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim); *see also GlobalSantaFe Corp. v. GlobalSantaFe.com*, 250 F.Supp.2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default . . . the appropriate inquiry is whether the facts alleged [in the complaint] state a claim."). A review of the record establishes that Plaintiff has not stated a claim against any of the three nurse-defendants.

[3] It is of no moment that the Court screened the amended complaint under § 1915A. "Although § 1915A dismissals can be because the complaint . . . 'fails to state a claim upon which relief can be granted,' a district court may not be able to make that determination on screening." *Garewal v. Sliz*, 611 F. App'x 926, 931 (10th Cir. 2015) (citation omitted); *see id.* (quoting *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) ("Dismissing a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming task, and the district court should make the call as to if and when it is appropriate."); *see also Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 801 (N.D. Ill. 2014) (explaining that under § 1915(e)(2), "there is no persuasive reason why a § 1915A screening should foreclose a post-screening dismissal of a complaint").

nurse-defendants, the Court must conclude that Plaintiff has failed to allege facts that make plausible his theory of liability, which is based on nothing more than speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## II. Standard of Review

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss *in forma pauperis* prisoner civil rights suits if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also* 28 U.S.C. § 1915A(b)(1). Section 1915(e)(2)(B)(ii) provides that a court shall dismiss a prisoner's complaint "*at any time* if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.'" *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (emphasis added) (quoting § 1915(e)(2)(B)(ii)). "The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations in original). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which

3

it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and *must show that the alleged deprivation was committed by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *see also Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (holding the defendant must have "personal knowledge of and involvement in the alleged deprivation" of the plaintiff's rights to be liable under § 1983); *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (citing *Murray v. Earle*, 405 F.3d 278, 289-90 (5th Cir. 2005) ("[C]onstitutional torts, like their common law brethren, require a demonstration of both but-for and proximate causation."). "That is, the official's 'own individual actions' must have 'violated the Constitution.'" *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 676). The Fourth Circuit has noted that "[t]he doctrine of *respondeat superior* has no application under this section." 766 F.2d at 850 (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

### III. Analysis

*A. Eighth Amendment*

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). While the Constitution "does not mandate comfortable

prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), it does not permit inhumane ones. "The [Eighth] Amendment also imposes duties on these officials, who must provide humane conditions of confinement . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To state a claim for unsafe conditions in violation of the Eighth Amendment, plaintiff must state facts demonstrating that *specific defendants* were aware of an excessive risk to plaintiff's safety and deliberately ignored it. *Id.* at 834, 837. The plaintiff must allege facts to show that each defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk. *Id.* at 837 (holding that for a prison official to be liable under the Eighth Amendment, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

*B. Material Facts*

The material facts related to Plaintiff's claim are that on July 13, 2020, at approximately 8:45 a.m., Plaintiff entered the medical department and began cleaning. [Doc. No. 11] at 12. While emptying the trash, he pulled out a trash bag, placed it inside of another bag, and pressed down on the bag with his hand. *Id.* at 13. As he was pressing down, Plaintiff felt a sharp pain in his right hand. *Id.* Plaintiff removed his hand from the trash bag and saw blood leaking through his glove. *Id.* A correctional officer came to his aid. *Id.* On examining the trash bag, Plaintiff and the officer discovered that several used needles had been improperly deposited in the trash can. *Id.* On January 15, 2021, another used needle was found in the trash. *Id.* at 7, 17. Plaintiff alleges that Defendant Alexander and the other two nurses (the three remaining defendants) "failed to follow proper procedures in the proper way of disposing [sic] used needles, and by throwing used needles in the trash" violated Plaintiff's "rights to be free from cruel and unusual punishment." *Id.* at 17.

5

*C. Failure to State a Claim*

Here, Plaintiff has alleged, at best, that someone improperly disposed of needles and that he was injured as a result of that act. He has not connected any of the three nurse-defendants with the needles found in the trash or provided any basis upon which to establish that any of the three nurse-defendants intentionally placed the needles in the trash can; or knew of and disregarded the risk—much less that any of the three nurse-defendants drew such an inference. To the contrary, Plaintiff has failed to allege any personal connection between any of the three-nurse defendants and a denial of constitutional rights. *See* [Doc. No. 24] at 2-3 (alleging that the "only personel [sic] allowed to handle sharps/needles are medical staff"). There are no allegations of intentional conduct by the three nurse-defendants and there are no allegations that any of the three nurse-defendants were aware of or had knowledge that the trash posed a risk to Plaintiff's health or safety. Instead, Plaintiff's claim is simply that because medical staff are the only personnel that have access to needles, therefore medical staff must be constitutionally liable for Plaintiff's injury.

Accordingly, Plaintiff's claim against the nurse-defendants must fail. *Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . . Factual allegations must be enough to raise a right to relief above the *speculative* level . . . .") (emphasis added) (citations omitted); *see also Vinnedge*, 550 F.2d at 928.[4]

---

[4] Moreover, under the circumstances alleged, Plaintiff's allegation concerning being stuck by a needle is negligence at best. *See Mayer v. Washington*, No. 2:21-cv-269, 2022 U.S. Dist. LEXIS 200639, at *12-13 (E.D. Wash. Nov. 3, 2022) (finding that plaintiff failed to show any state official acted with deliberate indifference to his health or safety when no facts in the record indicated that any government official "knew there were needles in the trash" plaintiff was told to pick up, and that even when construed in the light most favorable to the plaintiff, the officials' failure to protect plaintiff from the hypodermic needle was "at most, negligence, not deliberate indifference"); *Brown v. Fulton Cty. Jail*, No. 5:18cv-P52, 2018 U.S. Dist. LEXIS 177278, at *7 (W.D. Ky. Oct. 15, 2018) (dismissing a claim for failure to state a claim because the plaintiff neither alleged that he was intentionally "given a shot with another inmate's needle," nor that the mistake, using the wrong needle, was anything other than negligence—*i.e.*, "lack of ordinary care or inadvertence"); *cf. Ortiz v. Solomon*, No. 5:15-CT-3251, 2018 U.S. Dist. LEXIS 9584, at *16 (Jan. 22, 2018) (dismissing for failure to state a claim under Rule 12(b)(6) a plaintiff's allegation of deliberate indifference because the improper insertion of a needle by a nurse was, as a negligence claim, "inactionable under the Eighth Amendment"), *aff'd*, 778 F. App'x 236 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 1277 (2020).

Even assuming that Plaintiff has established the deprivation of a constitutional right, the Court cannot reasonably infer from the facts of the amended complaint that his theory of liability against the nurse-defendants is anything more than speculation. *See Ashcroft*, 556 U.S. at 678-79.

Lastly, Plaintiff alleges that Defendant Alexander was in a supervisory position. [Doc. No. 11] at 12. As noted in the Court's August 17, 2022 Memorandum Opinion and Order:

> To state a § 1983 claim under a theory of supervisory liability, the complaint must allege facts showing that each defendant (1) "had actual or constructive knowledge that [their] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) their "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an affirmative causal link between [their] inaction and the particular constitutional injury suffered by the plaintiff." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks and citation omitted).

[Doc. No. 31] at 3-4. There are no allegations that Alexander had actual or constructive knowledge the needles were placed in the trash, that she acted in a deliberately indifferent manner, or that there was the required causal connection between the risk and Plaintiff's injury. For this additional reason, the amended complaint does not adequately allege a claim against Alexander.

The Fourth Circuit has observed that leave to amend a pleading should be freely given and "denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Here, in his amended complaint, Plaintiff alleged that the three nurse-defendants "failed to follow proper procedures in the proper way of disposing used needles, and by throwing used needles in the trash" violated his "rights to be free from cruel and unusual punishment." [Doc. No. 11] at 17. In reviewing the allegations, the Court, as noted herein, has found that there are no factual allegations that support the conclusory allegation that any of the three nurse-defendants had "personal knowledge of and involvement in the alleged deprivation." *Wright*, 766 F.2d at 850.

Indeed, Plaintiff's response to Defendants Edmonds and Putney's Motion to Dismiss establishes that granting leave to amend would be futile. In that motion, the defendants argued that Plaintiff's allegations of the deliberate indifference of medical staff were speculative and conclusory; Plaintiff's sole response was that only medical staff are allowed to handle needles, while inmates are not. [Doc. No. 24] at 2-3. Notably missing, however, were any allegations that the three nurse-defendants had personal knowledge of and were involved in the alleged deprivation.

### IV. Conclusion

For the reasons outlined above, the amended complaint will be dismissed. An appropriate Order will issue alongside this Memorandum Opinion.

November 6, 2023
Alexandria, Virginia

Anthony J. Trenga
Senior U.S. District Judge

8